QUESTION: Will any individual with the current Division of Corrections of the Department of Health and Rehabilitative Services or the newly created Department of Offender Rehabilitation be legally eligible to perform the duties as the eighth member of the Parole and Probation Commission, as provided by s. 947.01, F.S. (1974 Supp.), on July 1, 1975 — the effective date of Committee Substitute for Senate Bill 169 [Ch. 75-49, Laws of Florida]?
SUMMARY: Under Committee Substitute for Senate Bill 169, which transferred the functions of the Division of Corrections of the Department of Health and Rehabilitative Services to the new Department of Offender Rehabilitation, the secretary of the new department (who is the same individual as the director of the old division) continues to be a member of the Parole and Probation Commission pursuant to s. 947.01(2), F.S., and is authorized to perform the duties prescribed by s. 947.01(2). Section 947.01, F.S. (1974 Supp.), provides that the Parole and Probation Commission shall consist of "eight citizens who are residents of the state." Subsection (1) of s. 947.01 provides general qualifications for seven of the members of the commission. Subsection (2) of s.947.01 refers to the eighth member, as follows: One member who shall be the director of the Division of Corrections of the Department of Health and Rehabilitative Services. The director shall participate in the policymaking decisions of the commission only and shall not participate in decisions on the granting and revocation of parole. The director shall be ineligible for appointment as chairman, shall receive no compensation for his services on the commission, and shall not be required to attend any minimum number of meetings. Committee Substitute for Senate Bill 169 (Ch. 75-49, Laws of Florida) — the Correctional Organization Act of 1975 — transferred the functions of the Division of Corrections to the Department of Offender Rehabilitation. The bill did not repeal any statute relating to the powers or duties of the Division of Corrections; rather, it created s. 20.315(5), F.S., to provide: All powers, duties and functions of the Division of Corrections of the Department of Health and Rehabilitative Services created under s. 20.19(2)(b), and its proportionate share of departmental administrative support services and all divisional facilities, are hereby transferred by a type four transfer pursuant to s. 20.06(4) to the Department of Offender Rehabilitation. The nature and effect of a type four transfer is stated in s. 20.06(4), F.S., which provides, in pertinent part:
A type four transfer is the merging of an identifiable program, activity, or function of an existing agency into a department. Any program or activity transferred by a type four transfer shall have all its statutory powers, duties, records, personnel, property, and unexpended balances of appropriations, allocations, or other funds transferred to the department to which it is transferred. (Emphasis supplied.) Committee Substitute for Senate Bill 169 was made effective on July 1, 1975, with the reorganization required to be completed by July 1, 1976. Thus, on July 1, 1975, the Division of Corrections of the Department of Health and Rehabilitative Services effectively ceases to exist as an independent entity, although in fact it continues to function under a new name — the Department of Offender Rehabilitation — and its powers and duties continue in existence and become the powers and duties of the Department of Offender Rehabilitation. The Legislature did not amend s. 947.01(2), supra, to change the reference to the Director of the Division of Corrections to reflect the transfer and new designation of the division. Neither is there any language in Committee Substitute for Senate Bill 169 to the effect that statutory references, in general, to the Director of the Division of Corrections should be interpreted as referring to the Secretary of the Department of Offender Rehabilitation. Thus, a strictly literal interpretation of s.947.01(2) would have the effect of repealing by implication the provision of s. 947.01(2), that there be an eighth member of the Parole and Probation Commission, with limited duties, who is to be the Director of the Division of Corrections. However, the adoption of such an interpretation would negate the legislative purpose expressed in s. 947.01(2) — that the state's corrections agency should be represented on the Parole and Probation Commission — and would bring about a result contrary to the well-established rule that repeal by implication is not favored by the courts. As was stated in City of Punta Gorda v. McSmith, Inc., 294 So.2d 27
(2 D.C.A. Fla., 1974): The general rule of legislative construction presumes later statutes are passed with knowledge of prior existing laws, and favors a construction which gives each a field of operation, rather than have one meaningless or repealed by implication. Also, it should be noted that the Legislature provided, in s. 6 of Committee Substitute for Senate Bill 169, that: The Division of Statutory Revision and Indexing of the Joint Legislative Management Committee shall prepare bills, for introduction by the appropriate substantive committees of the house of representatives and the senate at a subsequent session of the legislature, to further clarify the statutes so as to reflect the changes made by this act. The above direction to the Division of Statutory Revision would seem to indicate an awareness on the part of the Legislature that there would be a number of statutes which, because of the transfer, will have to be clarified, such as by changing references to the Division of Corrections (and its Director) to refer to the new Department of Offender Rehabilitation (and its Secretary). A question similar to the one you have presented was considered by my predecessor in office in AGO 069-82. There, the director of the old Department of Public Safety had been designated by statute as a member of the Police Standards Council by virtue of his position as director. Upon the transfer by the Legislature of the Department of Public Safety to the Department of Highway Safety and Motor Vehicles, the question arose as to whether the director of the old department, who was made the head of the new department, would continue as a member of the Police Standards Council, even though the statute calling for the director of the Department of Public Safety to sit on the Council had not been amended to reflect the newly created Department of Highway Safety and Motor Vehicles and the transfer thereto of the Department of Public Safety. Although the transfer employed in that instance was a "type three" — a "type four" was used to transfer the Division of Corrections to the Department of Offender Rehabilitation — the essential aspects of a type three and type four transfer are the same, in that each provides for the transfer of an agency's statutory powers, duties, records, personnel, and property to the department into which the agency is merged. The following statements and conclusions from AGO 069-82 appear to be analogous to and equally applicable to the situation regarding which you have requested my opinion: The new department under the reorganization law, to which the old department was transferred and into which it was merged, simply replaces or succeeds to the old "department of public safety" within the meaning and purview of Florida Statutes 23.062. The new Executive Director of the new department is the successor to the "Director of the department" within the purview of Florida Statute 23.062 and as the chief administrative officer of the new department is the ex officio member of the Council by virtue of his position or office as executive director of the new department. Since the former executive director of the old department has been appointed as the executive director of the new department and continues as the chief administrative official of the department, he either continues on as a member of the Council or by virtue of his appointment to and the holding of the position of Executive Director of the Department he has become a member of the Council under Florida Statute 23.062. Since both the old and new "director" are one and the same individual, and since the old department actually is one and the same as the old department with additional powers and duties and under a new name, the membership on the Council of Colonel Kirkman should continue without interruption so long as he continues to be the Executive Director of the new department. Similarly, the new Department of Offender Rehabilitation replaces and succeeds to the old Division of Corrections; and, as the director of the old Division of Corrections has been appointed to head the new department, I am of the opinion that the Secretary of the Department of Offender Rehabilitation is a member of the Parole and Probation Commission pursuant to s. 947.01(2), F.S., and is authorized to perform those functions as a commission member as are provided in s.947.01(2). To hold otherwise would be to disregard the intent of the Legislature that the head of the state's corrections agency (whether it be termed the Division of Corrections or the Department of Offender Rehabilitation) should be a member of, and participate in the policy-making decisions of, the Parole and Probation Commission. This holding enables s. 947.01(2) and Committee Substitute for Senate Bill 169 to be reconciled and, as stated above in the quote from City of Punta Gorda v. McSmith, Inc., "gives each a field of operation, rather than have one meaningless or repealed by implication."